**CARMAGNOLA & RITARDI, LLC**
Steven F. Ritardi, Esq. (029021987)
60 Washington Street
Morristown, NJ  07960
(973) 267-4445
(973) 267-4456 (FAX)
Attorneys for Defendant, Edgewood Management Corporation

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERVIN SMALL,<br><br>                Plaintiff,<br><br>-vs-<br><br>UNION GARDEN APARTMENTS,<br>EDGEWOOD MANAGEMENT<br>CORPORATION, JOHN DOES (1-10), JANE<br>DOES (1-10), and ABC CORP. (1-10,.<br><br>                Defendants. | Civil Action<br><br>**NOTICE OF REMOVAL OF ACTION<br>UNDER 28 U.S.C. §1441 et seq.** |

TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW JERSEY

Pursuant to 28 U.S.C. §1441 et seq., and §1446 Defendant, Edgewood Management

Corporation ("EMC"), hereby removes this civil action from the Superior Court of New Jersey,

Law Division, Essex County, Docket No. ESX-L-1277-22, to the United States District Court for

the District of New Jersey.

In support of this Notice of Removal, Defendant states as follows:

**Procedural History**

1.      On or about February 24, 2022, Plaintiff filed the aforementioned civil action in the

Superior Court of New Jersey, Essex County.

2.      In this action, Plaintiff seeks relief for alleged employment discrimination, alleged failure to pay wages, and alleged wrongful discharge from employment.  Plaintiff purports to seek relief for these employment-related claims from his former employer, Edgewood Management Corporation ("EMC").

3.      Plaintiff's initial Complaint sued and attempted service on "Union Garden Apartments" as the defendant in the action, along with the fictitious names "John Doe," "Jane Doe," and "ABC Corp."  See **Exhibit 1** (original Complaint).

4.      "Union Garden Apartments" is not a legal entity and has no capacity to be sued.

5.      EMC learned of the litigation on or about March 3, 2022.

6.      On or about March 22, 2021, counsel for EMC spoke by telephone to Plaintiff's counsel and informed Plaintiff's counsel that he was authorized to accept service on behalf EMC. See **Exhibit 2** (Letter dated Mar. 24, 2022).

7.      In response to this information, Plaintiff's counsel filed an Amended Complaint naming EMC as a defendant.  See **Exhibit 3** (Amended Complaint).

8.      Plaintiff's counsel also agreed to dismiss the putative defendant identified as "Union Garden Apartments."  See **Exhibit 4** (Email chain).

9.      On March 25, 2022, EMC waived and accepted service of the summons and "amended" complaint, which in ¶1 of the Amended Complaint (**Exhibit 3**) now names EMC as a defendant.   See **Exhibit 5**.

**Grounds for Removal**

10.      This action is subject to removal pursuant to 28 U.S.C. § 1441(b) based on diversity of citizenship.

11.     Plaintiff is a citizen of the State of New Jersey.  See **Exhibit 3**, Amended Complaint, at preamble (alleging that Plaintiff resides in "the Township of Montclair, County of Essex, State of New Jersey").

12.     Defendant EMC is a citizen of the State of Maryland.  See **Exhibit 3**, Amended Complaint, at ¶ 1 (alleging that EMC "is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 9711 Washington Boulevard, Suite 200, Gaithersburg, Maryland, 20878"); see also 28 U.S.C. § 1332 ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").[1]

13.     Putative defendant "Union Garden Apartments" is not a legal entity, did not employ the Plaintiff and has no capacity to sue or be sued.  Accordingly, "Union Garden Apartments" has no capacity to answer or otherwise respond to the Amended Complaint and no capacity to consent or withhold consent from this Notice of Removal.

14.     Putative defendants "John Doe (1-10)," "Jane Doe (1-10)," and "ABC Corp. (1-10)" are fictitious defendants who, as with "Union Garden Apartments," are to be ignored in assessing the grounds for removal.  See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded.").

15.     Accordingly, this action is between "Citizens of Different States" as contemplated by 28 U.S.C. § 1332(a)(1).

16.     The amount in controversy exceeds the sum of $75,000.

---

[1] EMC's street address is on "Washingtonian" Blvd., not "Washington" Blvd.  This typographical error in the Amended Complaint does not impact the grounds for removal stated herein.

17.     Specifically, the Amended Complaint seeks unspecified sums for lost wages and benefits, emotional distress damages, pain and suffering, and punitive damages, as well as non-monetary relief in the form of injunctive relief ordering EMC to implement specific corrective measures, reinstate Plaintiff, and refrain from any retaliatory conduct.  See **Exhibit 3**, Amended Complaint, at Prayer for Relief; see also 28 U.S.C. § 1446(c)(2)(A) ("[T]he notice of removal may assert the amount in controversy if the initial pleading seeks – (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded").

18.     This Notice of Removal is filed within 30 days of the date on which EMC was served with the Amended Complaint naming it as a defendant in the action and is otherwise timely under 28 U.S.C. §1446(b).

19.     As required by 28 U.S.C. §1446(d), Defendants are providing contemporaneously herewith a true and correct copy of this Notice of Removal to the Plaintiff and to the Clerk of the Superior Court of the State of New Jersey, County of Essex.   A true and correct copy of the Notice of Notice of Removal to be filed in the Superior Court is attached hereto as **Exhibit 6**.

WHEREFORE, Defendant hereby removes the pending state court action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§1441 and 1446.

CARMAGNOLA & RITARDI, LLC

By: _/s/ Steven F. Ritardi_
Steven F. Ritardi, Esq.
60 Washington Street
Morristown, New Jersey 07960
(973) 267-4445 (Phone)
(973) 267-4456 (Fax)
sritardi@cr-law.net

Of Counsel:

Michael J. Lorenger, Esq.
LORENGER & CARNELL PLC
651 S. Washington St.
Alexandria, Virginia 22314
703-684-1800 (Phone)
703-684-1805 (Fax)
mlorenger@lorengercarnell.com

Attorneys for Defendant Edgewood
Management Corporation

DATED:  April 19, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April I filed the foregoing Notice of Removal with the Court's electronic filing system, which will automatically provide notice to all counsel of record.  In addition, I served a copy on Plaintiff's counsel by email:

Christopher C. Roberts
Law Office of Christopher C. Roberts, LLC
7 Glenwood Avenue, Suite 108
East Orange, New Jersey 07017
chrisr1969@comcast.net

By: */s/ Steven F. Ritardi*
Steven F. Ritardi, Esq.
60 Washington Street
Morristown, New Jersey 07960
(973) 267-4445 (Phone)
(973) 267-4456 (Fax)
sritardi@cr-law.net

DATED:  April 19, 2022

# EXHIBIT 1

Referral Service, and if you can not afford an attorney, you may communicate with the Legal Services of Essex County. The following are the telephone numbers of same:

Newark Legal Services:          (973) 624-4500
Essex County Legal Aid:         (973) 622-1513
Essex-Newark Legal Services (Senior Citizens)      (973) 672-3838
Essex-Newark Legal Services (Hispanic)  (973) 642-8707
New Jersey State Bar Association (609) 304-1101

Christopher C. Roberts, Esq.
7 Glenwood Avenue
Suite 401
East Orange, New Jersey  07017
(973)-673-0600

---

| | |
|---|---|
| Mervin Small | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: ESSEX COUNTY |
| | DOCKET NO:  ESX-L-1277-22 |
| Plaintiff, | |
| | Civil Action |
| vs. | |
| | SUMMONS |
| Union Garden Apartments | |
| John Does(1-10), Jane Does (1-10), | |
| ABC Corp. (1-10), | |
| Jointly, Individually, Severally. | |
| Defendants. | |
| | ESSEX COUNTY: LAW DIVISION |

---

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S)

Union Garden Apartments

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (The address of each deputy clerk of the Superior Court is provided)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625.  A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney you may call the Legal Services office in the county where you live.  A list of these offices if provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

Dated: 2/24/2022                  Michelle Smith,  Clerk of Superior Court

Name of Defendant to be serve:  Union Garden Apartments,
Address for service:  50 Greenwood Avenue, Montclair, New Jersey 07042

Christopher Roberts (#001351995)
Attorney at Law
7 Glenwood Avenue
Suite 401
East Orange, New Jersey 07017
(973)-673-0600
Attorney for Plaintiff

---

Mervin Small,

   Plaintiff,

vs.

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION: ESSEX COUNTY**
**DOCKET NO:** *ESX ↑ L- ØØ 1277-22*

   Civil Action

**COMPLAINT AND JURY DEMAND**

Union Garden Apartments,
John Does(1-10),
Jane Does (1-10),
ABC Corp. (1-10),
Jointly, Individually, Severally.

  Defendants.

---

  Plaintiff Mervin Small, residing in the Township of Montclair, County of Essex, State of New Jersey, complaining of defendant(s), alleges as follows:

<u>PARTIES</u>

1. At all relevant times, Defendant Union Garden Apartments (hereinafter "UGA") was and is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 50 Greenwood Avenue Montclair, New Jersey 07042.

1

2.      At all relevant times, Defendants John Does (1-10), Jane Does (1-10), ABC Corporation (1-10), ABC, LLC (1-10), ABC LLP (1-10), were in the employ of Defendant UGA.  At all relevant times, Defendants John Does (1-10), Jane Does (1-10), ABC Corporation (1-10), ABC, LLC (1-10), ABC LLP (1-10), were the agents, employees, representatives, servants of Defendant UGA.

3.      Upon information and belief, Defendants John Does (1-10), Jane Does (1-10), ABC Corporation (1-10), ABC, LLC (1-10), ABC LLP (1-10), aided and abetted each other in subjecting Plaintiff to discriminatory conduct based on race.

## (FACTS COMMON TO ALL CLAIMS)

1.   Upon information and belief, Plaintiff Mervin Small, a black man over the age of 50, started his employment with Defendant UGA as a porter in or about March 2019. However, the year 2020 Plaintiff was forced to perform the work of the superintendent without receiving the superintendent's pay of $22.00 an hour. Instead, Plaintiff was paid $17.00 an hour. Plaintiff was a wage earner.

2.   Upon information and belief, in or about October 2019, Manager Yolanda Vasquez of UGA began verbally harassing Plaintiff. Manager Vasquez began her employment with UGA subsequent to Plaintiff. Ms. Vazquez would call Plaintiff during his lunch break, belittle him in front of tenants, and follow Plaintiff around the premises.

3.   Upon information and belief, Ms. Vazquez would threaten to evict Plaintiff's fiancée who was a tenant at the 50 Greenwood Avenue Montclair, New Jersey 07042 premises. Plaintiff was also a tenant in the premises who resided with his fiancée.

2

4. Upon information and belief, Plaintiff complained to Defendant UGA's corporate office about being discriminated against in or about January 2020. Plaintiff complained that his work environment was hostile and uncomfortable.

5. Upon information and belief, Plaintiff was met his employment expectations in 2019, 2020 and 2021 at the time of his termination.

6. Upon information and belief, on or about June 10, 2021 Plaintiff's fiancée Renee Mitchell complained to Defendant EV about Plaintiff being subjected to discriminatory conduct when Manager Diana Flynn from Defendant UGA's corporate office, degraded Plaintiff by pointing her finger in Plaintiff's face. Defendant UGA and its corporate office never responded to Plaintiff's complaint. Plaintiff was aware of his fiancée's complaint to Defendant's corporate office which conveyed his sentiment.

7. Upon information and belief, also, on or about March 20, 2021, Manager Diana Flynn, who is White, told Plaintiff while standing before him that he needed to get on his hands and needs and scrub the floors and the content and tome of Ms. Flynn's directive felt demeaning and offensive to Plaintiff. Plaintiff believes that Plaintiff's race was a factor in Ms. Flynn's comment because Plaintiff had never directed such a comment to a non-black employee. Also, Plaintiff never observed Ms. Flynn pointing her finger in the face of an employee outside of protected classes. Plaintiff wrote a letter complaining to Defendant UGA about said conduct.

8. Upon information and belief, on or about June 17, 2021, Ms. Vazquez called Plaintiff's fiancée who was a tenant in the building and raised her voice and demanded that she (Plaintiff's fiancée) tell Plaintiff to report the office very hour on the hour. Plaintiff called Defendant's corporate office to complained but to no avail.

9. Upon information and belief, Defendants UV and UGA forced Plaintiff to work from November 2020 to February 2021 without a day off. Also, Plaintiff was forced to answer and address work calls will off duty and was not paid for such work. Plaintiff regularly worked off duty addressing tenants' concerns even though he was not the Superintendent and was not paid his hourly rate for his services.

10. Upon information and belief, Defendant UGA terminated Plaintiff on or about July 29, 2021. Defendant UGA alleges that Plaintiff's refusal to alter his work schedule to accommodate the Superintendent's work schedule was the reason for his termination.

11. Upon information and belief, Plaintiff contends that Defendants' reason for termination was a pretext for discrimination and retaliation.

12. Upon information and belief, Defendant UGA is search for a replacement for Plaintiff.

13. Upon information and belief, Plaintiff was earning a salary of approximately $30,000.00 plus benefits at the time of his termination.


COUNT ONE

(VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION N.J.S.A. 10:5-1 et seq.)

1. At all relevant times, plaintiff is black man over the age of 50.

2. This action is brought pursuant to the New Jersey Law Against Discrimination N.J.S.A. 10:5-1 et. seq., which prohibits discrimination against a person in the terms, conditions or privileges of employment on the basis of the person's race.

3. Upon information and belief, at all relevant times, Defendant NJDCF regularly employed five or more persons, bringing defendant employer within the provisions of N.J.S.A. 10:5-

4

l et seq. prohibiting employers or their agents from discriminating against employees on the basis of race

4. Upon information and belief, Defendant UGA discriminated against Plaintiff on the basis of race by subjecting him to a hostile work environment such as a but not limited to , a White managerial employee directing derogatory comments towards him, pointing a finger in his face, and said conduct appear to be race based.

5. Upon information and belief, Defendant UGA's reason for termination of Plaintiff's was based on pretext.

6. At all relevant times, N.J.S.A. 10:5-1 et seq., provided statutory jurisdiction over defendants. Defendants subjected plaintiff to retaliation, disparate treatment, wrongful termination, hostile work environment in violation of the New Jersey Law Against Discrimination.

7. As a direct foreseeable, and proximate result of defendants' discriminatory acts which were continuing throughout his employment, plaintiff has suffered and continues to suffer substantial economic losses, potential earnings and potential employment benefits and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress.

8. Defendant UGA have committed the aforementioned acts oppressively, willfully and maliciously, entitling plaintiff to an award of punitive damages.

## COUNT TWO

(VIOLATION OF NEW JERSEY WAGE PAYMENT LAW N.J.S.A. 34:11-4.1 et seq.

1. Plaintiff refers to the allegations set forth in Count One of the complaint and by such reference repleads and incorporates them as though fully set forth herein.
2. Upon information and belief, Plaintiff was working in excess of 40 hours a week.
3. Plaintiff was forced to work on at all times during the night even though he was off duty and was not paid for his services.
4. As defined in the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq., , N.J.S.A. 34:11-56a1 et seq. and by failing to pay plaintiff his wages earned. Defendant violated the New Jersey Wage Payment Law for not paying Plaintiff when he worked during off hours.

## COUNT THREE

### (WRONGFUL DISCHARGE)

1. Plaintiff re-alleges and incorporates by reference each allegation contained in the fact statement and Counts One and Two above as if fully set forth again at length.
2. The above-described actions of defendant constitute a wrongful discharge and retaliation entitling plaintiff to general, compensatory and punitive damages.

WHEREFORE, Plaintiff prays for Judgment against all Defendants, individually, jointly, severally and each of them for all aforementioned claims, for the following injunctive and monetary relief as follows:

1. An order compelling Defendants UGA to take prompt appropriate and effective corrective measures, including those that effect all supervisors and personnel, to prevent abuse, harassment, bullying and discrimination complained of in this Complaint by any employee, agent, and/or representative toward any member of the UGA community.

6

2. An order reinstating Plaintiff to the position of employment that he held at the time of termination.

3. An order enjoining Defendant from taking retaliatory action of any type against any employees for reporting to or objecting to Defendants' improper activities, policies, and/or practices believed to be in violation of contract, law, rule, and/or regulation promulgated pursuant to law.

4. Any other prospective injunctive relief that the Court deems just and appropriate

5. For compensatory damages including lost wages and benefits, and emotional distress damages

6. Punitive damages

7. Pain and suffering

8. Attorney fees and costs, plus interest

9. For such other and further relief as the Court deems proper.


By: _____
Christopher C. Roberts, Esq.

Dated: February 24, 2022

7

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

By: _____
Christopher C. Roberts, Esq.

Dated:  February 24, 2022

## DESIGNATION OF TRIAL COUNSEL

Christopher C. Roberts, Esq. is hereby designated as trial counsel.

By: _____
Christopher C. Roberts, Esq.

Dated:  February 24, 2022

## JURY DEMAND

Plaintiff demands a jury trial on all triable issues.

By: _____
Christopher C. Roberts, Esq.

Dated: February 24, 2022

8

# EXHIBIT 2



Lorenger & Carnell PLC
651 South Washington Street
Alexandria, Virginia 22314
(703) 684-1800 Main
(703) 684-1805 Fax

Michael J. Lorenger
(703) 684-1808
mlorenger@lorengercarnell.com

March 24, 2022

**By Overnight Courier**

Christopher C. Roberts
Law Office of Christopher C. Roberts, LLC
7 Glenwood Avenue, Suite 401
East Orange, New Jersey 07017

Re:    **Mervin Small v. Union Garden Apartments**
       **Superior Court of New Jersey / Law Division: Essex County**
       **Index No. ESX-L-1277-22**

Dear Mr. Roberts:

As you know, this law firm represents Edgewood Management Corporation ("EMC") in connection with the claims advanced by your client, Mr. Small, in the litigation captioned above.

As we discussed by telephone on Tuesday, March 22, the defendant named in the Complaint and Summons – "Union Garden Apartments" – is not a legal entity.  Rather, "Union Garden Apartments" is the public-facing name of an apartment complex in Montclair, New Jersey, that is operated by EMC.  EMC employed Mr. Small.

In light of these facts, we have concluded that we cannot take any action in connection with the Complaint, as EMC is not a party.  I had discussed with you the possibility of filing a motion to extend the time by which the defendant must respond to the Complaint through April 28, 2022, and you stated Plaintiff would consent to such relief.  Unfortunately, until EMC is a party in the case, we are unable to file anything, as we do not represent an entity named "Union Garden Apartments."  Indeed, at the present time, there is no party capable of being sued named in the Complaint.

If you amend the Complaint to name EMC as the defendant (or dismiss the case and file a new Complaint), we will accept service on behalf of EMC and respond in an agreed-upon time frame.

Please let me know how you would like to proceed.

Christopher C. Roberts
March 24, 2022
Page 2


Thank you for reviewing this matter.


Very truly yours,

/s/**Michael J. Lorenger**

Michael J. Lorenger
Lorenger & Carnell PLC

# EXHIBIT 3

Christopher Roberts (#001351995)
Attorney at Law
7 Glenwood Avenue
Suite 401
East Orange, New Jersey 07017
(973)-673-0600
Attorney for Plaintiff

---

| | |
|---|---|
| Mervin Small, | **SUPERIOR COURT OF NEW JERSEY** |
| | **LAW DIVISION: ESSEX COUNTY** |
| | **DOCKET NO: ESX-L-1277-22** |
| Plaintiff, | |
| | Civil Action |
| vs. | |

**AMENDED**
**COMPLAINT AND JURY DEMAND**

Union Garden Apartments,
Edgewood Management Corporation,
John Does(1-10),
Jane Does (1-10),
ABC Corp. (1-10),
Jointly, Individually, Severally.

    Defendants.

---

Plaintiff Mervin Small, residing in the Township of Montclair, County of Essex, State of

New Jersey, complaining of defendant(s), alleges as follows:

<u>PARTIES</u>

1.    At all relevant times, Defendant Edgewood Management Corporation (hereinafter "EMC")

was and is a corporation organized and existing under the laws of the State of Maryland

with its principal place of business located at 9711 Washington Boulevard, Suite 200,

Gaithersburg, Maryland 20878.

1

2.    At all relevant times, Defendants John Does (1-10), Jane Does (1-10), ABC Corporation (1-10), ABC, LLC (1-10), ABC LLP (1-10), were in the employ of Defendant EMC.  At all relevant times, Defendants John Does (1-10), Jane Does (1-10), ABC Corporation (1-10), ABC, LLC (1-10), ABC LLP (1-10), were the agents, employees, representatives, servants of Defendant EMC.

3.    At all relevant times, Defendant Union Garden Apartments (hereinafter "UGA") was and is an apartment complex organized and existing under the laws of the State of New Jersey with its principal place of business located at 50 Greenwood Avenue Montclair, New Jersey 07042.

4.    At all relevant times, Defendants UGA John Does (1-10), Jane Does (1-10), ABC Corporation (1-10), ABC, LLC (1-10), ABC LLP (1-10), were in the employ of Defendant EMC.  At all relevant times, Defendants John Does (1-10), Jane Does (1-10), ABC Corporation (1-10), ABC, LLC (1-10), ABC LLP (1-10), were the agents, employees, representatives, servants of Defendant EMC

5.    Upon information and belief, Defendants EMC, UGA John Does (1-10), Jane Does (1-10), ABC Corporation (1-10), ABC, LLC (1-10), ABC LLP (1-10), aided and abetted each other in subjecting Plaintiff to discriminatory conduct based on race.


(FACTS COMMON TO ALL CLAIMS)


6.    Upon information and belief, Plaintiff Mervin Small, a black man over the age of 50, started his employment with Defendant EMC as a porter in or about March 2019. However, the year 2020 Plaintiff was forced to perform the work of the superintendent without receiving

2

the superintendent's pay of $22.00 an hour. Instead, Plaintiff was paid $17.00 an hour. Plaintiff was a wage earner. Plaintiff job duties required him to work at the UGA premises located at 50 Greenwood Avenue Montclair, New Jersey 07042.

1. Upon information and belief, in or about October 2019, Manager Yolanda Vasquez of EMC at the UGA location began verbally harassing Plaintiff. Manager Vasquez began her employment with EMC subsequent to Plaintiff. Ms. Vazquez would call Plaintiff during his lunch break, belittle him in front of tenants, and follow Plaintiff around the premises.

2. Upon information and belief, Ms. Vazquez would threaten to evict Plaintiff's fiancée who was a tenant at the UGA 50 Greenwood Avenue Montclair, New Jersey 07042 premises. Plaintiff was also a tenant in the premises who resided with his fiancée.

3. Upon information and belief, Plaintiff complained to Defendant EMC's corporate office about being discriminated against in or about January 2020. Plaintiff complained that his work environment was hostile and uncomfortable.

4. Upon information and belief, Plaintiff was met his employment expectations in 2019, 2020 and 2021 at the time of his termination.

5. Upon information and belief, on or about June 10, 2021 Plaintiff's fiancée Renee Mitchell complained to Defendant EV about Plaintiff being subjected to discriminatory conduct when Manager Diana Flynn from Defendant EMCs corporate office, degraded Plaintiff by pointing her finger in Plaintiff's face. Defendant EMC and its corporate office never responded to Plaintiff's complaint. Plaintiff was aware of his fiancée's complaint to Defendant's corporate office which conveyed his sentiment.

6. Upon information and belief, also, on or about March 20, 2021, Manager Diana Flynn, who is White, told Plaintiff while standing before him that he needed to get on his hands and

needs and scrub the floors and the content and tome of Ms. Flynn's directive felt demeaning and offensive to Plaintiff.  Plaintiff believes that Plaintiff's race was a factor in Ms. Flynn's comment because Plaintiff had never directed such a comment to a non-black employee. Also, Plaintiff never observed Ms. Flynn pointing her finger in the face of an employee outside of protected classes. Plaintiff wrote a letter complaining to Defendant EMC about said conduct.

7. Upon information and belief, on or about June 17, 2021, Ms. Vazquez called Plaintiff's fiancée who was a tenant in the building and raised her voice and demanded that she (Plaintiff's fiancée) tell Plaintiff to report the office very hour on the hour. Plaintiff called Defendant's corporate office to complained but to no avail.

8. Upon information and belief, Defendants EMC and UGA forced Plaintiff to work from November 2020 to February 2021 without a day off. Also, Plaintiff was forced to answer and address work calls will off duty and was not paid for such work. Plaintiff regularly worked off duty addressing tenants' concerns even though he was not the Superintendent and was not paid his hourly rate for his services.

9. Upon information and belief, Defendant EMC terminated Plaintiff on or about July 29, 2021. Defendant UGA alleges that Plaintiff's refusal to alter his work schedule to accommodate the Superintendent's work schedule was the reason for his termination.

10. Upon information and belief, Plaintiff contends that Defendants' reason for termination was a pretext for discrimination and retaliation.

11. Upon information and belief, Defendant EMC is searching for a replacement for Plaintiff.

12. Upon information and belief, Plaintiff was earning a salary of approximately $30,000.00 plus benefits at the time of his termination.

COUNT ONE

(VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION N.J.S.A. 10:5-1 et seq.)

1. At all relevant times, plaintiff is black man over the age of 50.

2. This action is brought pursuant to the New Jersey Law Against Discrimination N.J.S.A. 10:5-1 et. seq., which prohibits discrimination against a person in the terms, conditions or privileges of employment on the basis of the person's race.

3. Upon information and belief, at all relevant times, Defendants EMC and UGA regularly employed five or more persons, bringing defendant employer within the provisions of N.J.S.A. 10:5-1 et seq. prohibiting employers or their agents from discriminating against employees on the basis of race

4. Upon information and belief, Defendant EMC and UGA discriminated against Plaintiff on the basis of race by subjecting him to a hostile work environment such as a but not limited to , a White managerial employee directing derogatory comments towards him, pointing a finger in his face, and said conduct appear to be race based.

5. Upon information and belief, Defendant EMC's reason for termination of Plaintiff's was based on pretext.

6. At all relevant times, N.J.S.A. 10:5-1 et seq., provided statutory jurisdiction over defendants. Defendants subjected plaintiff to retaliation, disparate treatment, wrongful termination, hostile work environment in violation of the New Jersey Law Against Discrimination.

7.  As a direct foreseeable, and proximate result of defendants' discriminatory acts which were continuing throughout his employment, plaintiff has suffered and continues to suffer substantial economic losses, potential earnings and potential employment benefits and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress.

8.  Defendant EMC and UGA have committed the aforementioned acts oppressively, willfully and maliciously, entitling plaintiff to an award of punitive damages.

## COUNT TWO

(VIOLATION OF NEW JERSEY WAGE PAYMENT LAW N.J.S.A. 34:11-4.1 et seq.

1.  Plaintiff refers to the allegations set forth in Count One of the complaint and by such reference repleads and incorporates them as though fully set forth herein.

2.  Upon information and belief, Plaintiff was working in excess of 40 hours a week for Defendants EMC at the UGA location.

3.  Plaintiff was forced to work on at all times during the night even though he was off duty and was not paid for his services.

4.  As defined in the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq., , N.J.S.A. 34:11-56a1 et seq. and by failing to pay plaintiff his wages earned. Defendant violated the New Jersey Wage Payment Law for not paying Plaintiff when he worked during off hours.

## COUNT THREE

### (WRONGFUL DISCHARGE)

1.  Plaintiff re-alleges and incorporates by reference each allegation contained in the fact statement and Counts One and Two above as if fully set forth again at length.

2. The above-described actions of defendant constitute a wrongful discharge and retaliation entitling plaintiff to general, compensatory and punitive damages.

WHEREFORE, Plaintiff prays for Judgment against all Defendants, individually, jointly, severally and each of them for all aforementioned claims, for the following injunctive and monetary relief as follows:

1. An order compelling Defendants EMC to take prompt appropriate and effective corrective measures, including those that effect all supervisors and personnel, to prevent abuse, harassment, bullying and discrimination complained of in this Complaint by any employee, agent, and/or representative toward any member of the EMC community.

2. An order reinstating Plaintiff to the position of employment that he held at the time of termination.

3. An order enjoining Defendant from taking retaliatory action of any type against any employees for reporting to or objecting to Defendants' improper activities, policies, and/or practices believed to be in violation of contract, law, rule, and/or regulation promulgated pursuant to law.

4. Any other prospective injunctive relief that the Court deems just and appropriate

5. For compensatory damages including lost wages and benefits, and emotional distress damages

6. Punitive damages

7. Pain and suffering

8. Attorney fees and costs, plus interest

9. For such other and further relief as the Court deems proper.

By: _____

Christopher C. Roberts, Esq.

Dated: March 25, 2022

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

By: _____
Christopher C. Roberts, Esq.

Dated:  March 25, 2022

## DESIGNATION OF TRIAL COUNSEL

Christopher C. Roberts, Esq. is hereby designated as trial counsel.

By: _____
Christopher C. Roberts, Esq.

Dated:  March 25, 2022

## JURY DEMAND

Plaintiff demands a jury trial on all triable issues.

By: _____
Christopher C. Roberts, Esq.

Dated: March 25, 2022

8

# EXHIBIT 4

| | |
|---|---|
| **From:** | christopher roberts |
| **To:** | Michael Lorenger |
| **Subject:** | RE: Small v. Edgewood Management Corporation |
| **Date:** | Friday, April 1, 2022 11:23:44 AM |

Hello  Michael,

I was going to wait for you to enter an Answer or reply for the management company and then we can sign a Stip of Dismissal as to Union Gardens. If you have any questions or concerns, please contact me. Thanks

Chris Roberts

> On 04/01/2022 10:41 AM Michael Lorenger <mlorenger@lorengercarnell.com> wrote:
>
>
> Chris:
>
> Can you let us know the status of your dismissal of "Union Garden Apartments"? Thanks.
>
>
> **Lorenger Carnell**
>
> Michael J. Lorenger
>
> Lorenger & Carnell PLC
>
> 651 South Washington Street
>
> Alexandria, Virginia 22314
>
> (703) 684-1800 / Main
>
> (703) 684-1808 / Direct
>
> mlorenger@lorengercarnell.com
>
>
>
> **From:** Michael Lorenger
> **Sent:** Friday, March 25, 2022 1:36 PM
> **To:** christopher roberts <chrisr1969@comcast.net>
> **Cc:** sritardi@cr-law.net

**Subject:** RE: Small v. Edgewood Management Corporation

Hi Chris:

Thanks for the quick turnaround.  I have attached a signed Acknowledgment of Service, as promised.  I have noted our responsive pleading to be due on April 29, but let me know if you calculate a different date.  I am also copying Steve Ritardi, who will be our local counsel in New Jersey.

**Lorenger Carnell**

Michael J. Lorenger

Lorenger & Carnell PLC

651 South Washington Street

Alexandria, Virginia 22314

(703) 684-1800 / Main

(703) 684-1808 / Direct

mlorenger@lorengercarnell.com

**From:** christopher roberts <chrisr1969@comcast.net>
**Sent:** Friday, March 25, 2022 12:30 PM
**To:** Michael Lorenger <mlorenger@lorengercarnell.com>
**Subject:** Small v. Edgewood Management Corporation

Hello Michael,

This is Chris Roberts, Esq. for Plaintiff Mervin Small in Small v. Edgewood Management Corporation.. Attached are a cover letter, Summons, Amended Complaint and Acknowledgement of Service. If you have any questions or concerns, please contact me. Thanks

Chris Roberts

# EXHIBIT 5

Christopher Roberts (#001351995)
Attorney at Law
7 Glenwood Avenue
Suite 401
East Orange, New Jersey 07017
(973)-673-0600
Attorney for Plaintiff

---

| | |
|---|---|
| Mervin Small, | **SUPERIOR COURT OF NEW JERSEY** |
| | **LAW DIVISION: ESSEX COUNTY** |
| | **DOCKET NO: ESX-L-1277-22** |
| Plaintiff, | |
| | Civil Action |
| vs. | |
| | **ACKNOWLEDGEMENT OF SERVICE** |
| Union Garden Apartments, | |
| Edgewood Management Corporation, | |
| John Does(1-10), | |
| Jane Does (1-10), | |
| ABC Corp. (1-10), | |
| Jointly, Individually, Severally. | |
| Defendants. | |

---

Service of the annexed copy of Summons and Copy of the Amended Complaint in the

Matter of Mervin Small v. Union Garden Apartments, Edgewood Management Corporation, et al.

Docket No. ESX-L-1277-22 is hereby acknowledged by Michael J. Lorenger, Esq. of the Law

Office of Lorenger & Carnell on behalf of Defendant Edgewood Management Corporation on this

25th day of March, 2022.

Michael J. Lorenger, Esq.
Lorenger & Carnell
Attorneys for Edgewood Management Corporation,

# EXHIBIT 6

**CARMAGNOLA & RITARDI, LLC**
Steven F. Ritardi, Esq. (029021987)
60 Washington Street
Morristown, NJ  07960
(973) 267-4445
(973) 267-4456 (FAX)
Attorneys for Defendant, Edgewood Management Corporation

| | |
|---|---|
| MERVIN SMALL,<br><br>                              Plaintiff,<br><br>        -vs-<br><br>UNION GARDEN APARTMENTS,<br>EDGEWOOD MANAGEMENT<br>CORPORATION, JOHN DOES (1-10), JANE<br>DOES (1-10), and ABC CORP. (1-10,.<br><br>                              Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION-ESSEX COUNTY<br>DOCKET NO. ESX-L-1277-22<br><br>Civil Action<br><br>**NOTICE OF FILING OF NOTICE<br>OF REMOVAL TO THE UNITED<br>STATES DISTRICT COURT FOR THE<br>DISTRICT OF NEW JERSEY.** |

TO:    Clerk of the Court – Civil Law Division
        Essex County Superior Court
        Civil Division Case Management Office
        50 West Market Street
        Newark, NJ 07102

        Christopher Roberts, Esq.
        7 Glenwood Avenue
        Suite 401
        East Orange, NJ  07017
        Attorney for Plaintiff
        *Via eCourts*

        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(c), and 1331, Defendant,

Edgewood Management Corporation, has filed a Notice of Removal of the above titled action to

the United States District Court for the District of New Jersey, together with all pleadings, process,

and orders served upon Defendant with the United States District Court for the District of New

Jersey.

Pursuant to 28 U.S.C. § 1446(d), "the state court shall proceed no further unless and until the case is remanded."

Attached hereto and marked as **Exhibit A** is a true and correct copy of the Notice of Removal.

CARMAGNOLA & RITARDI, LLC
Attorneys for Defendant, Edgewood
Management Corporation


By:    */s/ Steven F. Ritardi*
STEVEN F. RITARDI
Email: sritardi@cr-law.net

Of Counsel:

Michael J. Lorenger, Esq.
LORENGER & CARNELL PLC
651 S. Washington St.
Alexandria, Virginia 22314
703-684-1800 (Phone)
703-684-1805 (Fax)
mlorenger@lorengercarnell.com

Attorneys for Defendant Edgewood
Management Corporation

DATED:  April 19, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April, I filed the foregoing Notice of Removal with the Court's electronic filing system, which will automatically provide notice to all counsel of record. In addition, I served a copy on Plaintiff's counsel by email:

Christopher C. Roberts
Law Office of Christopher C. Roberts, LLC
7 Glenwood Avenue, Suite 108
East Orange, New Jersey 07017
chrisr1969@comcast.net

_/s/ Steven F. Ritardi_____
STEVEN F. RITARDI

DATED:  April 19, 2022

3